# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    v.                                    Criminal Action No. 2:13cr44

ELIZABETH CHRISTINE SAMPSELL,

    Defendant.

## ORDER/OPINION REGARDING PLEA OF GUILTY

This is before the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Elizabeth Christine Sampsell, in person and by counsel, Deirdre H. Purdy, appeared before me on December 16, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Nine of the Indictment.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court inquired whether Defendant was a citizen of the United States, to which she replied that she was. The Court advised Defendant, and she stated she understood, that if she were not a U.S. citizen, upon her pleading guilty to a felony, she could be deported, not be permitted to return to the U.S., and not be permitted to obtain citizenship.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender it to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with her understanding of the same. Upon inquiry, the AUSA advised that there had no other offers made to Defendant. Counsel for Defendant agreed. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Elizabeth Christine Sampsell, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained

the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Nine of the Indictment, including the elements the United States would have to prove at trial, charging her with possession of pseudoephedrine to be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(c)(2). From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of her guilty plea. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony, or drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her waiver of appellate rights as follows:

Ct: Did you and Ms. Purdy discuss that under 18 USC section 3742 you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals provided that you give notice of your intent to appeal within 14 days of your sentencing?

Def: Yes, sir.

Ct: Did you and Ms. Purdy also discuss that you may file a motion under 28 United States Code Section 2255 collaterally attacking or challenging your sentence and how that sentence is being executed–carried out?

Def: Yes, sir.

Ct: Did you and Ms. Purdy discuss, and do you understand from that discussion, that under paragraph 13of your written plea agreement, that if the District Judge imposes an actual sentence which is consistent with a guideline sentence with a total offense level of 23 or lower you give up your right to appeal that conviction and sentence to the Fourth Circuit Court of Appeals under 18 USC section 3742?

Def: Yes, sir.

Ct: Did you understand from your discussions with Ms. Purdy, that by signing the agreement with paragraph 14 in it, you give up your right to challenge the sentence the district judge imposes or the manner it is imposed in any collateral attack by filing a motion under 28 USC section 2255?

Def: Yes, sir.

Ct: And you intended to give up that right in accord with paragraph 14. Is that correct?

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Nine of the Indictment,

the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Nine of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

The Court also advised Defendant regarding the United States' agreement to recommend that the Court's sentencing Order include a recommendation that Defendant participate in the Bureau of Prisons RDAP. The Court advised that even if the United States did make that recommendation, the Court was not bound to follow it, and that even if the Court did make that recommendation the Bureau of Prisons was not bound to follow that recommendation. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that the parties stipulated that Defendant's case involved the "shake and bake" method of manufacturing methamphetamine and that this method is highly

dangerous. The parties do not agree, however, whether the facts of this case are extraordinary enough to trigger the application of the "risk" enhancement in Guideline 2D1.1(b)(13), and that decision will be left to the District Judge, without a jury.

Defendant also understood that, although she was pleading guilty to one count in the Indictment, any other counts would not be dismissed at this time. The United States would move to dismiss the remaining counts (if any) in the Indictment against her at sentencing.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea.

Finally, Defendant understood that even if her counsel had shown her the guideline chart and estimated a term or range of imprisonment, she could not take that estimate as a guarantee or promise that the district judge would impose that term or range of imprisonment, and that, if sentenced to a higher term or range of imprisonment, she would not be permitted to withdraw her guilty plea.

Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Elizabeth Christine Sampsell, with the consent of her counsel, Deirdre H. Purdy, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Nine of the Indictment.

The Court would generally hear the testimony of a Government witness at this point in the hearing in order to provide an independent basis in fact to support the guilty plea. In this case, however,

the parties had agreed to a proffer by the AUSA in place of live witness testimony. The AUSA then proffered that on April 30, 2013, police searched the home of Defendant and her son, Timothy Hawks. Defendant was seen exiting a bedroom where the materials listed in Count Three were located. The police obtained statements from all four defendants in this case. Defendant stated that when the police knocked, she went back to tell "Timmy." Several times she saw co-defendants "Cindy," "Courtney," and "Timmy" with a soda bottle that contained a mixture of liquid and "stuff." They would shake the bottle at times. She stated that she had used methamphetamine made by Hawks, if he had it. She smoked meth maybe once every two or three weeks in January or February. She purchased pseudoephedrine for Hawks at the Rite-Aid or CVS in Romney, West Virginia. She was asked if the purchases were for allergies, and she said they were not. A review of the NPLEx records indicate Defendant purchased pseudoephedrine as reflected in Counts Four through Ten of the Indictment. One of those purchases is reflected in Count Nine, to which Defendant has pled. That purchase was made four days before the police search.

Defendant stated she heard, understood and agreed with the Government's proffer. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Nine of the Indictment is supported by the Government's proffer.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Nine of the Indictment; Defendant understood the consequences of her plea of guilty, including the maximum

statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Nine of the Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Nine of the Indictment. Defendant is accordingly **FOUND GUILTY** of the felony offense of knowing possession of pseudoephedrine to be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(c)(2).

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an order setting conditions of pretrial release previously entered in this matter.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: December 17, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE